Case number 20-5879, United States of America v. Jarrell Wilkerson. Arguments not to exceed 15 minutes per side. Ms. Salinas, you may proceed for the appellant. Good morning, your honors, and may it please the court. I am Melissa Salinas from the University of Michigan Law School, and I have the honor of will present the argument for Mr. Jarrell Wilkerson based on this court's granting of motion for student argument. Thank you very much. Thank you, and Ms. Burke, you may proceed. I believe you have six minutes. Thank you, your honor. Good morning, and may it please the court. My name is Luciana Burke, and I represent the Yes. Thank you. I will be addressing the first issue on appeal, the district court's denial of a motion to suppress evidence. This case raises issues that are especially salient in today's society. While the Supreme Court has said that pretextual stops do not violate the Fourth Amendment, the factual basis for the pretextual stop must be true. This case examines that issue. The district court erred in concluding Mr. Wilkerson conceded the issue of the legality of the stop, where there was no valid waiver. Because the district court did not analyze the issue of the stop further, and because there is objective video evidence disproving the legality of the stop, this court should find the district court erred in denying the motion to suppress evidence. Now, wasn't it alleged that at the time of the stop, the officer said you didn't use the turn signal and your client said, I know that, or is it undisputed that that was said? Your Honor, that's correct. That is in the video. That statement, however, conflicts with the objective video evidence shown that he did signal, and the government is also asking this court to consider implicit factual findings where the district court failed to raise them when it mistakenly relied solely on an alleged waiver to dispose of the issue of the stop. As the government agrees, whether there was a valid waiver is a question of law for this court to review de novo, and Mr. Wilkerson did not concede the legality of the stop. The district court relied on a single line in Mr. Wilkerson's reply brief, a fleeting reference in a paragraph about another topic, but a week after the reply brief was filed, the district court allowed the parties to litigate the issue of the stop thoroughly at the suppression hearing, and at no point during that hearing did the court raise the possibility of a waiver. The court subsequently went back and relied on that single line in the reply brief submitted before the hearing. It did not address the evidence from the suppression hearing relating to the stop. Ms. Burke, if I could interrupt you. We've all had an opportunity to review this video if we choose, and while you say there's objective video evidence that he did not use his turn signal, at least from my case, I've watched this thing several different times, and I don't see a turn signal, but regardless of, because for there to be a turn signal, all of the lights wouldn't go on at the same time, but every time I saw a light go on, both tail lights and the red light above all go on the same time. So I'm just saying, I'm starting out by telling you what I see when I look at that, but if we just put that off to the side, you see one thing, I see another thing, arguably. The question is whether there's clear error in the district court's decision that there wasn't objective video evidence showing that he used his turn signal. So when we have this situation, how do you win when we can't necessarily tell any better than you can what the video says, but in any event, are we not obligated to give deference to the district court factual finding on the question of whether he used a turn signal? Your Honor, we disagree that the correct standard is clear error. In this case, the district court, the entire disposition of the issue in the order states that the defendant appears to concede that he failed to signal and the court did not apply a lot of facts on the issue of the stop. And if the district court had wanted to make factual findings with regard to the stop, the court should have clearly relied on those that the grounds were clear on appeal. And in this case, where the district court failed to make any factual findings, the correct standard of review is de novo and not clear error. Yes, Your Honor. What about in the district court's opinion where it says, quote, officers Phillips and Reidner observed the truck turn without signaling? Why shouldn't we treat that as a finding of fact? Your Honor, the district court did make some findings of fact in its factual statement, but it failed to apply the law to facts. And it's important that the district court make the basis for its conclusion clear in its opinion so that it can properly be reviewed on appeal, so that it's clear the reasoning behind its decisions of the defendant knows and so the public knows. In this case, the court instead mistakenly relied on an alleged waiver for a major issue. And it cannot be sufficient that a single line in an earlier reply brief of pleading reference to concession is sufficient to waive a major issue when considering the party's and the court's later course of conduct. The party's thorough litigation of the issue at the suppression hearing without any intervention from the court shows that as a matter of law, the defendant did not waive the issue. I don't think we're talking here about waiver. We're talking about what the opinion and order says, which is that the officers observed that he turned without signaling. So you're right, it only appears on the first page of the opinion. It's one line, but why is that not a factual finding? It is a factual finding, Your Honor. If it is a factual finding, let's assume that clear error doesn't apply. Let's assume that we look at this de novo. We're still looking at, are we not, whether there was an error of law in the factual finding. Your Honor, may I respond? Please. I think I timed that. Sure. Go ahead. We, the factual, the district court failed to apply the law to the facts of that finding, and if the, and therefore the conclusion that there was a waiver and that that is sufficient is what this court should be reviewing because it's what the district court explicitly relied on, and we don't know how it credited those findings with regard to this stop. For that reason, we ask that this court, the resulting evidence should be suppressed as a prudent legal stop. Thank you. All right, you'll have your rebuttal time. Mr. Bradley, you would like to proceed? Yes, Your Honor, thank you. Good morning, and may it please the court, my name is Connor Bradley, and I also represent the appellant, Jarell Wilkerson. I'm going to be discussing the second issue on appeal today, the sentence enhancement for possession of a firearm in connection with another felony offense. The district court erred in imposing the enhancement based on an inference of trafficking for three reasons. First, it relied solely on the amount of cocaine in Mr. Wilkerson's possession. Second, it ignored the fact that Mr. Wilkerson was not found with any trafficking evidence when he was arrested. And third, it found that Mr. Wilkerson's innocent explanation was credible and still applied the enhancement. Taking the first reason first, the amount of drugs in Mr. Wilkerson's possession standing alone is insufficient. Mr. Bradley. Yes, Your Honor. I'm sorry, maybe I need to move over so my microphone picks me up better. I hate to interrupt your flow, but the government argues that your client conceded this issue in the plea agreement itself, right? So what is your argument with respect to that? So the plea agreement itself, they said, stipulates to the application of this particular enhancement. So what do you say about that? Yes, Your Honor. A couple of things. First, as we said in our brief, the plea agreement allowed the parties to argue in favor of other calculations. And the government, in fact, cited that aspect of the plea agreement in the district court at the sentencing hearing. The plea agreement also agreed to a base offense level 20. But at the sentencing hearing, the government argued in favor of a base offense level 22. And so, as we said in our brief, the government is seeking to hold Mr. Wilkerson to a standard to which it didn't hold itself. And moreover, the cases cited by the government in its brief, all those cases involved something more than an agreement in the plea agreement to find waiver. This court has held that a waiver is a plain explicit concession. And in those cases, after the plea agreement was agreed to, the defendants agreed that the sentencing calculations were valid in their sentencing memos and also at the sentencing hearing. And that's simply not the case here. Mr. Wilkerson objected to the enhancement in the PSR and the issue was heavily litigated at the sentencing hearing. So that is insufficient to find a plain explicit concession. On the merits, the amount of drugs in Mr. Wilkerson's possession standing alone is insufficient to impose the enhancement. This court has held that evidence of trafficking should be looked at holistically. Here, that holistic review should include Mr. Wilkerson's personal characteristics. For one, he is an extremely large man. He is 6'8 and 370 pounds. Moreover, he has used cocaine daily for 10 years. The PSR indicates that he started using cocaine daily when he was 24. All that indicates that 12 grams of cocaine is a personal use amount of cocaine for Mr. Wilkerson. Moreover, the district court's decision to impose... Do you have any case law that indicates that 12 grams or more of their amounts would not be a personal use amount or would not, despite that, would not be a trafficking amount? In other words, do we have any legal authority or do you just want us to take your word for it? Yes, Your Honor. In United States v. Smith, an unpublished case from this court in 2001, this court described 27 grams of cocaine as a relatively small amount of cocaine and a personal use amount of drugs. I can give you the citation if you'd like. It's 20 Federal Appendix 258. Moreover, cases involving the enhancement where this court has upheld the enhancement based on an inference of trafficking have involved much larger amounts of drugs. For example, in United States v. Hardin, the defendant was found with 54 grams of cocaine, almost four times the amount Mr. Wilkerson had. In cases with similar amounts of drugs at issue, this court has looked to other evidence of trafficking, such as trafficking paraphernalia, large amount of cash, scales, and baggies to indicate whether or not the defendant was trafficking. Here, Mr. Wilkerson was not found with any of that evidence. He did not have any and the government never introduced any evidence from his cell phone to indicate that he was trafficking. Mr. Bradley, let's do something unusual. Let's just go back to basic common sense for just a minute. Your client says that he removed this gun from a house because there were children present. Let's credit him for that for just a second. It makes no sense to me that this man is going car to car carting an AR-15 in his hand as he goes from car to car and sometimes he puts it back in his car and then he takes it back out and he goes car to car if that gun is not to facilitate drug trafficking. What could possibly be the innocent explanation for doing that? Yes, your honor. I see my time has expired. May I answer the question? Yes, please. Thank you. Your honor, those are the undisputed facts, but if that were the case that the gun was facilitating drug trafficking in that moment, Mr. Wilkerson would have been found with some evidence of trafficking on him when he was arrested only minutes later. As I stated, he was not found with, for example, a large amount of cash indicating he made any drug transactions at that time. He also offered the innocent explanation, which the district court credited. It seems to me again intuitively, and I didn't realize until you started out that this person is, I think you said 6'8 and 380 pounds. That seems to me the least likely person to need an AR-15 when they're walking car to car to protect themselves if it isn't to protect drugs. So what am I missing? Your honor, I believe that he provided the innocent explanation both at the suppression hearing. He explained that his brother was having a barbecue on the day he was arrested and at the sentencing hearing. So that story has been consistent. Mr. Bradley, he provided an explanation as to why he took the gun away from the house. I didn't find any explanation as to why he's going car to car carrying an AR-15 in public. Yes, your honor. So his behavior on Smith Street is, as I said, inconsistent with trafficking because of the fact that he was not found with evidence after the fact. And he was not protecting the drugs in that moment because he provided the innocent explanation. Those two are, we believe, mutually exclusive. He took the gun out of the house because he did not want the party goers to access it. And therefore, the connection between the gun when it was in his car and the drugs was merely coincidental. And for those reasons, we ask that this court remand the case for resentencing. Thank you. Thank you very much. And we'll hear from the government. Thank you, your honor. Good morning, your honors. May it please the court, James Chapman for the United States. In this appeal, Mr. Wilkerson is challenging a fact that he previously agreed applied and a guideline enhancement that he previously agreed occurred. The court should hold both of these arguments waived and not reach the merits of either of them. But if the court does reach the merits, both of them also substantively fail. On the first, Mr. Wilkerson conceded in his reply brief that he did not question the officer's right to execute traffic stop and that a failure to use a turn signal had occurred. That's on page 75 of the record. Then on page 77, he wrote the only violation was a failure to use his turn signal. I think three sentences over the course of two different pages is hardly a fleeting reference or a fleeting concession, as my friend on the other side said. It's not my understanding of the contested this at the suppression hearing. It certainly came up in the hearing. No question about that. But every time that Mr. Wilkerson brought up the the quote flash that is visible on the on the body cam, he never asserted that that was a turn signal. He always said that that was questionable what that was, but he never actually contested it at the suppression hearing. And even if he had, of course, he had weighed the issue. If the court reaches the merits on this, the argument is also meritless. The district court made a finding of fact that the officers observed him turn without signaling. That finding, in fact, is not clearly wrong. The video, as was discussed briefly, most clearly shows him braking. Both brake lights illuminate. The center high mount stop lamp illuminates. And those are not indications of a turn signal. Those are indications of braking. And there are numerous other reasons, as I discussed in the brief, that the argument is not clearly wrong. Among those is Mr. Wilkerson's own confession on the scene that he hadn't used the turn signal and Mr. Wilkerson's concession in the district court below that the video was unclear and whether he used the turn signal was questionable. Now, the second issue, Mr. Wilkerson also waived his challenge to the 2K2.1B6B enhancement because he agreed that it applied in his plea agreement. None of his arguments against waiver are persuasive. He says the fact that this is a non-binding plea excuses his waiver. Well, that's simply not correct. The fact that it's a non-binding plea doesn't impact what arguments he has or has not waived. Second, he says that because the agreement says he could argue in favor of other calculations, that means he didn't waive this. Again, it's simply not accurate. This was not an other calculation. This was one of the provisions that was specifically listed in the plea. On the waiver question, did you waive the waiver? In other words, Mr. Bradley says that waiving in a plea agreement alone or stipulating to the application of a particular enhancement in the plea agreement alone is insufficient, at least where the question was actively litigated during the hearing. That seems to have happened here. I don't recall that you asserted, wait, he can't litigate that question. He's already stipulated to that in his plea agreement. Did you waive the waiver? We did not, Your Honor. We did raise his waiver twice. First, we raised it in the sentencing memorandum. That's document number 49 at page ID 167. The prosecutor also raised the waiver orally at sentencing. That's on page ID 427. The fact that he contested it when he obviously does not indicate that the argument is not waived. Those arguments themselves were waived as we argued at the time. It would essentially make plea agreements toothless to bind parties to a position at sentencing if you let a defendant object to anything that he agreed to in the plea agreement and then excuse his waiver simply because he later decided that he objected to it. Finally, Mr. Wilkerson, did you violate the plea agreement by objecting to the drug quantity as Mr. Bradley suggests? So, Your Honor, I have various responses to that. First, that is not an argument that Mr. Wilkerson has raised in this appeal, so I do not believe it is properly before this court. There's very specific case law about plea agreement breach and that has not been briefed and it's not properly before this court for consideration. Further, he does not complain about the application of that base offense level in this appeal, so that also is not before the court. Now, on the substance, I think we would have an argument that there was no breach because the higher base offense level that we argued for was not specifically listed in the plea agreement and so it was an other calculation that the this is not an issue before the court. Finally, on the waiver, his last point is that he preserved his ability to appeal his sentence and, of course, that's true, but that doesn't override the waiver doctrine. Just simply because he has the ability to appeal the sentence doesn't mean that he can raise waived arguments. Now, on the substance, the district court properly found that Mr. Wilkerson was trafficking cocaine. There are numerous factors that support this decision. First, he had 12 grams of cocaine. There was agent testimony at sentencing that this was a distribution amount. The district court did not clearly err in accepting that testimony as true. The cocaine's value was $500 to $600 and, importantly, Mr. Wilkerson had already wrapped up some of the cocaine in a dollar bill in the center console of the vehicle and the agent cocaine was packaged for easy sale or distribution. Further, the firearm that he possessed is one that is commonly used and possessed by drug traffickers. He had a round chambered in it. His behavior on Smith Street, which again has been discussed, was walking back and forth, openly carrying this assault style firearm after midnight in a high crime area for shootings and cars. All of this is consistent with drug trafficking. He did not offer any sort of innocent explanation for his firearm possession and, of course, he was charged in state court with cocaine trafficking. I would note that he did not have drugs that suggested drug use and there was no indication. What do you make of the fact that he didn't have any cash on him? Was he selling? Do you think he was selling on credit or what was that all about? Well, I'm not sure what the economics of his cocaine distribution practice was, but I can tell you that the agent testified at sentencing that traffickers do not always carry cash. The agent also testified that traffickers do not always have paraphernalia on them like but not always. Here, Mr. Wilkerson did not and there's nothing about these particular facts that make the district court's finding wrong. No fact in this context is dispositive. Finally, I would note that this court should not consider the story that he told in allocution as an innocent explanation. That story is simply not part of the proof in the case. It is not evidence. It was not under oath. It was not subject to cross-examination. It didn't even come in the portion of sentencing where proof and evidence is presented. Allocution is not an opportunity for the defendant to recontest the facts of the case. Instead, it's an opportunity to essentially ask the court for mercy and explain personal circumstances and beg the court for leniency. And Judge McKeague, as I believe you said, I think it's fair to say that if he had testified at sentencing and told this story, the story would have been torn apart on cross-examination. It makes essentially no sense that a person removing a firearm because of a family barbecue would do so after midnight and then walk back and forth on Smith Street, openly displaying it, talking to people, going up to vehicles, and then speeding off in his truck with the firearm and a distribution amount of cocaine. There's a reason that testimony has to be subject to cross and under oath to count as evidence, and this case shows exactly why that is. But I would note finally that even if the court decides to credit the explanation, there are numerous other indicia of trafficking, as I've discussed, and those endure and those continue to validate the enhancement because no one factor is dispositive. At this point, I welcome the court's questions, but otherwise I will ask the court to affirm. Thank you. Thank you, and there appears to be no further questions, so we will go to rebuttal, Ms. Burke. It's actually Mr. Bradley who's doing the rebuttal, Your Honor. All right, Mr. Bradley. Thank you, Your Honor. I just have three quick points I'd like to hit on rebuttal. First, with respect to the Fourth Amendment issue and the video evidence, if, as Judge McKeague suggests, that the video evidence is ambiguous, the option for this court is to remand the case for the district court to make factual findings on the issue, as it did not explicitly rely on the video evidence, rather the concession in its order denying the motion to suppress. Second, on the sentencing issue, the government contends that Mr. Wilkerson waived the issue, as it does in its brief. That's simply not the case. The government argues that Mr. Wilkerson would be able to argue in favor of anything, but plea agreements are a balance between constitutional rights and efficiency, and here it's a fairness issue where the government itself argued, made the same arguments we are making here in the lower court, in the district court, and is now arguing that Mr. Wilkerson should be held to a standard that it did not uphold itself in the lower court. And moreover, as I stated before, the cases cited by the where those defendants also agreed to the enhancement beyond the plea agreement. And finally, on the merits of the sentencing issue, the government takes issue with the timing of the innocent explanation, but this court in Shields, which is cited in our brief, has credited innocent explanations presented that are not presented under oath, and in Shields, the defendant offered the innocent explanation at the time of his arrest and at the sentencing hearing. That case is on point with respect to the facts here, because Mr. Wilkerson offered the explanation at the suppression hearing. He explained the story, at the suppression hearing, he explained the story about his brother's barbecue, and he offered it at the sentencing hearing. But Mr. Bradley, isn't the obvious distinction there is that here these statements were made after the judge had already made the finding? In the cases you're citing, this all had come up before the judge had made the factual finding. Yes, Your Honor, there are two responses. The first is that the explanation at the sentencing hearing put the judge, the judge was obviously there, and put the judge on notice as to this innocent explanation. So it shouldn't have been considered as part of this court's holistic review of the evidence of trafficking. And second... So I just want to make sure you understand this point. So a judge is called upon to make findings generally because there's an objection to the pre-sentence report at a sentencing. And the judge makes those findings. At the very end, you ask if the defendant wants allocution to basically encourage the judge what sentence to impose. What you seem to be saying is that anytime somebody says something at allocution that could have implicated the factual finding if the judge knew about it, therefore the judge has to go back and start over. It's just not practical. And I'm just wondering if you have any cases that even remotely say that. Your Honor, I think the important point here is that during the allocution, the judge stated, I believe much of what Mr. Wilkerson says about his desire to remove the firearm from the home. That indicates that the judge presumably believed Mr. Wilkerson's innocent explanation and credited it. To the extent that that crediting undermines the district court's decision only minutes before to impose the enhancement where an innocent explanation is a factor in this analysis. So that decision, the decision to credit Mr. Wilkerson's innocent explanation shows that the district court holistic review was insufficient in this case. And for those reasons, if there are no further questions, we respectfully request that this court remand the case for resentencing. Thank you. All right, the court should thank our counsel for their excellent presentations. And to Ms. Burke and Mr. Bradley, congratulations to her supervision of this. So very much appreciated on behalf of the court. The case is submitted and there will be no further cases for